UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT SMALLWOOD, | ) | CASE NO.  1:11 CV 2425 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

On November 9, 2011, petitioner *pro se* Robert Smallwood filed the above-captioned action

for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner, who is incarcerated at the Federal

Correctional Institution at Elkton, seeks to vacate his 2005 conviction and resulting 140 month

sentence for possession with intent to distribute 50 grams or more cocaine base (crack cocaine).  As

grounds for the petition, he asserts the federal government lacked jurisdiction to prosecute him

because it cannot "prove ownership over the geographical land mass where the alleged crime was

to [have taken] place."  Petition (ECF # 1), p.5.  According to the petition, it follows that petitioner

is "actually innocent" of the offense of which he was convicted.

Claims asserted by a federal prisoner seeking to challenge his conviction or the imposition

of his sentence shall be filed in the sentencing court under 28 U.S.C. § 2255.  *See Cohen v. United*

*States*, 593 F.2d 766, 770 (6th Cir.1979).  When a prisoner seeks to challenge the execution or

manner in which his sentence is served, his claim should be filed in the district court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

The petition herein directly challenges Smallwood's conviction.  While section 2255 provides a safety valve provision whereby a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997), a prisoner cannot argue  § 2255 is inadequate or ineffective merely because he is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).  Further, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally  barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

It is the prisoner's burden to prove  his remedy under § 2255 is inadequate or ineffective in order to pass scrutiny under the savings clause which section 2255 provides. *See Charles*., 180 F.3d at 756.  The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Most

"actual innocence" cases which have qualified under the savings clause have concerned a challenge to a statute for which the prisoner's conduct no longer constituted a crime. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001 ). The claim sought to be raised by petitioner simply does not reasonably suggest he might be "actually innocent," as his assertion there was no jurisdiction to prosecute him is patently without merit.

Accordingly, the action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Dan Aaron Polster        12/29/2011
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE